IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ODELL THOMAS,

                          Plaintiff,                              CV-06-1281-ST

         v.                                            OPINION AND ORDER

UPS GROUND FREIGHT, INC., a Virginia
Corporation; and OVERNITE
TRANSPORTATION, CO., a Virginia
Corporation,

                            Defendants.      

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff alleges several claims against his employer for failing to reinstate him for two

months after he was released back to work following a work-related knee injury.  Specifically he

alleges that defendant: (1) failed to reinstate in violation of ORS 659A.043 (First Claim);

(2) discriminated against him for filing a workers' compensation claim in violation of ORS

659A.040 (Second Claim); (3) discriminated against him for taking family and medical leave in

violation of ORS 659A.171 (Third Claim); and (4) discriminated against him on the basis of his race in violation of 42 USC § 1981 (Fourth Claim).  This case was originally filed in state court and removed to this court on the basis of both federal question and diversity jurisdiction.

Defendant has served Notices of Intent to Issue Subpoenas *Duces Tecum* to plaintiff's six former employers and four medical providers seeking production of any and all records, including medical and psychological records, pertaining to plaintiff.  Pursuant to FRCP 26(c), plaintiff seeks a protective order against defendant's discovery of his medical and psychological records and for an order quashing defendant's subpoenas *duces tecum* to his medical and psychological providers (docket # 13).  For the reasons set forth below, that motion is granted.

## DISCUSSION

Pursuant to FRCP 26(c), the district court may issue protective orders in certain instances.  A subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter and no exception or waiver applies."  FRCP 45(c)(3)(A)(iii).  The term "privileged" refers to protections afforded by the rules of evidence.  *See United States v. Reynolds,* 345 US 1 (1953).  Plaintiff alleges both a federal claim and pendent state law claims.  Because the discovery sought is relevant to both the federal and state claims, the federal law of privilege applies.  *Agster v. Maricopa County*, 422 F3d 836, 839 (9th Cir 2005); FRE 501 advisory committee note; *see also Religious Tech. Center v. Wollersheim,* 971 F2d 364, 367 n10 (9th Cir 1992) (refusing to apply California litigation privilege in copyright action with pendent state law claims).

///

///

I.    <u>**Psychological Records**</u>

Plaintiff asserts that defendant's subpoenas *duces tecum* to his medical providers must be quashed because they seek records that are privileged.  In *Jaffee v. Redmond,* 518 US 1 (1996), the Supreme Court established a privilege for confidential communications between a psychotherapist and a patient.  Defendant contends that plaintiff has waived this privilege by seeking emotional distress damages.

Plaintiff has not pled a claim for intentional or negligent infliction of emotional distress. Instead, three of the four claims allege that plaintiff is entitled to recover "emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."  Plaintiff represents that he does not intend to rely on the testimony of a treating psychotherapist or any other expert to establish his emotional distress damages and will not allege that defendant's discrimination caused any specific disabilities or mental or medical abnormalities.

The Ninth Circuit has not yet addressed whether a plaintiff waives the psychotherapist-patient privilege simply by claiming what some courts have described as "garden-variety" emotional distress damages.  Other courts are split on this issue.  *See generally* Note, *Certainty Thwarted: Broad Waiver Versus Narrow Waiver of the Psychotherapist-Patient Privilege after Jaffee v. Redmond*, 52 Hastings L. J. 1369 (2001) (discussing various cases).  Some courts take a broad approach to waiver, while others take a narrow approach:

> Under the broad approach, courts have held that a simple allegation of emotional distress in a complaint constitutes waiver.  *See Sarko v. Penn-Del Directory Co.,* 170 FRD 127 (ED Pa 1997);  *Doe v. City of Chula Vista,* 196 FRD 562 (SD Cal 1999).  Under the narrow approach, at the other end of the spectrum, courts have held that there must be an affirmative reliance on the psychotherapist-patient communications before

> the privilege will be deemed waived.  *See Vanderbilt v. Town of Chilmark,*
> 174 FRD 225 (D Mass.1997); *Hucko v. City of Oak Forest,* 185 FRD 526
> (ND Ill 1999).

*Fitzgerald v. Cassil*, 216 FRD 632, 636 (ND Cal 2003).

Other courts have adopted a middle ground, finding a waiver "when the plaintiff has done more than allege 'garden-variety' emotional distress," such as alleging a separate tort for distress or unusually severe emotional distress.  *Id* at 637; *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 FRD 445, 449-50 (ND NY 2000); *Jackson v. Chubb Corp.*, 193 FRD 216 (D NJ 2000).  After analyzing these different approaches, *Fitzgerald* rejected the broad approach as "not necessary to achieve basic fairness to the defendant" because the defendant "may cross-examine the plaintiff . . . about other stressors or contributing factors" and obtain non-privileged discovery as to the occurrence and dates of any psychotherapy.  *Fitzgerald*, 216 FRD at 638.  It also rejected the middle ground approach as "not sufficiently protective of the psychotherapist-patient privilege," as introducing "a risk of uncertainty," and "for policy reasons" as not narrowly construing a waiver of the privilege "particularly in civil rights cases."  *Id* at 638-39. This court is persuaded by that analysis and similarly adopts the narrow approach to a waiver of the psychotherapist-patient privilege.

Defendant correctly notes that in *Giraudo v. Henkels & McCoy, Inc.*, 1993 WL 415599 (D Or 1993), this court compelled plaintiffs to produce medical records as a result of their request for emotional distress damages on claims involving sex discrimination, harassment, and retaliation.  However, that case was decided before *Jaffe* and applied state law.  In a more recent case, this court cited and followed the narrow approach when reserving ruling on whether, by seeking emotional distress damages, plaintiff would put her communications to a psychotherapist

4 - OPINION AND ORDER

at issue, "pending her decision to use, for example, expert witness testimony to describe her

mental state." *J.S. v. City of Eugene*, 04-6320 (D Or 2005) (Order dated June 2, 2005) (docket

# 35).

Under the narrow approach, plaintiff has not waived the psychotherapist-patient privilege

since he alleges only "garden-variety" emotional distress damages and will not affirmatively rely

on any treating psychotherapist or other expert to prove those damages.

Accordingly, defendant's subpoenas *duces tecum* are quashed because they seek to obtain

records containing communications between plaintiff and his medical providers concerning his

mental or emotional state.  To the extent that they are relevant, defendant may still seek the

discovery of records pertaining to the occurrence and dates of any psychotherapy received by

plaintiff concerning his alleged emotional distress which are not protected by the privilege.

## II.    <u>Medical Records</u>

There is no federal physician-patient privilege protecting medical records from

discovery. *Whalen v. Roe,* 429 US 589, 602 n28 (1977);  *In re Grand Jury Proceedings,* 867 F2d

562, 564 (9th Cir), *cert denied*, *Doe v. United States*, 493 US 905 (1989) (noting Circuit's refusal

to adopt a physician-patient privilege).  Therefore, plaintiff may not assert a physician-patient

privilege to prevent defendant from discovering his non-psychological medical records.

However, the Supreme Court has recognized a limited privacy interest in the

confidentiality of one's medical records.  *Whalen,* 429 US at 599-600; *see also Caesar v.

Mountanos,* 542 F2d 1064, 1067 n9 (9th Cir), *cert denied*, 430 US 954 (1977) (holding that the

right to privacy encompasses doctor-patient and psychotherapist-patient relationship).  In

addition, several federal statues recognize the important public and private interests in protecting

medical records from wholesale public disclosure.  *See, e.g.*, 45 CFR 164.512(e)(1)(v) (Health Insurance Portability and Accountability Act (HIPPA).  Plaintiff asserts that the defendant's subpoenas *duces tecum* to obtain his non-psychological medical records should be quashed to protect his privacy interest.

According to defendant, plaintiff has waived any right to privacy by placing his medical condition at issue.  Whether the right to privacy is waived depends on whether the medical records are relevant to any claim made by a plaintiff.  The right to privacy is not waived by alleging "garden-variety" emotional distress damages in discrimination cases which does not place a plaintiff's physical condition at issue.  *See EEOC v. Serramonte*, 237 FRD 220, 223-24 (ND Cal 2006); *Fitzgerald*, 216 FRD at 634.

However, plaintiff also alleges claims for discrimination for taking family and medical leave in violation of ORS 659A.171 ("OFLA") and for filing a workers' compensation claim in violation of ORS 659A.040.  Defendant claims that the documents it seeks are necessary to determine whether plaintiff's condition for which he went out on family leave was, in fact, a "serious health condition" as defined in ORS 659A.159(6) and to ascertain the nature of the injury for which plaintiff sought workers' compensation benefits.  The nature of plaintiff's injury is not pertinent to his workers' compensation discrimination claim which requires only that he prove that he "applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656."  ORS 659A.040.  However, it is relevant for the purpose of defending the OFLA claim.  *See Gilson v. Evergreen at Talbot Rd LLC*, 2005 WL 3841864 (WD Wash 2005).

Although defendant is entitled to discovery of plaintiff's medical records concerning the injury for which he took family leave, its subpoenas are unnecessarily broad by seeking to

acquire all of plaintiff's medical records pertaining to matters and time periods wholly unrelated to those at issue in this case. Accordingly, defendant's subpoenas *duces tecum* are quashed. However, defendant may seek discovery of those medical records relating to plaintiff's injury supporting his OFLA discrimination claim.

## **ORDER**

For the foregoing reasons, plaintiff's Motion for Protective Order and for Order Quashing Subpoenas to Non-Party Medical and Psychological Providers (docket #13) is GRANTED. It is further ordered that defendant may not review or otherwise utilize any records received in response to its subpoenas.

DATED this 15th day of February, 2007.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge